IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 9, 2026 Session

## THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE v. AWIL ABDI

**Appeal from the Circuit Court for Davidson County**
No. 25C182    Amanda Jane McClendon, Judge

---

### No. M2025-01556-COA-R3-CV

---

A driver appeals the circuit court's decision that he violated an ordinance by committing careless driving. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which W. NEAL MCBRAYER and JEFFREY USMAN, JJ., joined.

Stanley F. LaDuke, Knoxville, Tennessee, for the appellant, Awil Abdi.

Michael R. Dohn, Wallace W. Dietz, and Nicholas D. Paniagua, Nashville, Tennessee, for the appellee, Metropolitan Government of Nashville and Davidson County.

### OPINION

FACTUAL AND PROCEDURAL BACKGROUND

In August 2024, Metropolitan Nashville Police Department ("MNPD") Detective Ryan Wright observed Awil Abdi use a center turning lane to pass the car in front of him and then cut over two lanes of traffic to get to the outermost lane. Detective Wright issued Mr. Abdi a citation for careless driving in violation of Metropolitan Code of Law ("M.C.L.") § 12.68.170. Mr. Abdi requested a hearing on the citation in general sessions court, and that court found that he had violated M.C.L § 12.68.170 and ordered him to pay a fine of $1. He appealed to the circuit court. *See* Tenn. Code Ann. § 27-5-108.

The circuit court held a one-day bench trial on August 26, 2025, and on September 9, 2025, entered an order finding that Mr. Abdi violated the ordinance and ordered that he pay the $1 fine. The court based its finding on the testimony of Detective Wright and video

evidence from the traffic stop. Detective Wright testified that he observed Mr. Abdi "get into the turning lane, appear to be as though he accelerated to get in front of another vehicle and then went from the turning lane all the way to lane 2, which would be the closest to police headquarters and furthest away from the turning lane." Detective Wright also testified that there was other traffic around Mr. Abdi and that Mr. Abdi did not use a turn signal. The court also noted that the car Mr. Abdi passed entered the turning lane right after Mr. Abdi passed the car, which could have resulted in a collision. The court found the uncontroverted testimony and video evidence established that Mr. Abdi had endangered the lives and property of others.

Mr. Abdi appealed and presents the following issues: (1) whether the circuit court erred in its interpretation and application of M.C.L. § 12.68.170 and in finding Mr. Abdi guilty; and (2) whether the circuit court committed an abuse of discretion by finding that Metro Nashville sufficiently proved Mr. Abdi's guilt.

STANDARD OF REVIEW

Cases involving the violation of a local ordinance are civil in nature, both in the trial court and on appeal. *Metro. Gov't of Nashville & Davidson Cnty. v. Singh*, 671 S.W.3d 557, 560 (Tenn. Ct. App. 2022). We review the factual findings of the trial court de novo upon the record, accompanied by a presumption of correctness. TENN. R. APP. P. 13(d); *City of Johnson City v. Jones*, No. E2003-02534-COA-R3-CV, 2005 WL 1190705, at *2 (Tenn. Ct. App. May 20, 2005).

The circuit court based its decision on witness testimony and video evidence. Appellate courts give great deference to a trial court's factual findings based on witness credibility and will not reverse a trial court's "credibility-based factual findings," both explicit and implicit in its holdings, unless there is clear evidence otherwise. *Easley v. City of Memphis*, 699 S.W.3d 268, 270 (Tenn. 2024). As to the factual findings drawn from the video evidence, "when 'a trial court's findings of fact [are] based on documentary evidence such as depositions, transcripts, or video recordings,' we may draw our 'own conclusions with regard to [its] weight and credibility.'" *Plofchan v. Hughey*, No. M2021-00853-COA-R3-CV, 2024 WL 64164, at *4 (Tenn. Ct. App. Jan 5, 2024) (quoting *Kelly v. Kelly*, 445 S.W.3d 685, 693 (Tenn. 2014)).

ANALYSIS

The circuit court found Mr. Abdi violated M.C.L. § 12.68.170, which provided in relevant part: "Every person operating a vehicle upon the streets within the metropolitan government . . . shall drive the same in a careful and prudent manner, having regard for . . . all other attendant circumstances, so as not to endanger the life, limb or property of any person." Mr. Abdi's arguments on appeal are essentially that the evidence at the hearing

did not show he acted in violation of the statute. For the following reasons, we disagree and affirm the circuit court.

In its oral ruling from the bench, the circuit court found as follows:

I do think that this is careless driving. First, he's in the left-hand lane. He swerves within the left-hand lane. Touches the center lane. Moves over into the turn lane, no light, no indicator. Passes this man and turns out the car he passes was actually immediately put[ting] his blinker on to go left.

It's really just fortuitous that he didn't go left at the same time as the other gentleman. You wouldn't think to look in the left-hand turn lane like that when you're going over if someone doesn't have a blinker on. So, I thought it was exceptionally dangerous. And then he came across two more lanes without using an indicator. So, I do think it's careless driving.

And while I agree with counsel, Mr. Hoover, that this is prevalent these days. It shouldn't be, and I think it did endanger life and property. I don't know I'd say limb, but the ordinance does say "or," and it's not a proper driving technique. The CDL[1] actually should put him on greater notice to drive in a more careful manner.

So, I find that the violation and the ordinance was violated and find in favor of Metro.

The circuit court memorialized these findings in a final order, stating in relevant part:

The Court heard arguments of counsel and evidence, including testimony from Officer Ryan Wright, who issued the citation on August 6, 2024, and testified that he observed Defendant use a turn lane to pass another car amidst traffic on Murfreesboro Pike near MNPD headquarters. The Court also considered an exhibit of video evidence from Officer Wright's patrol car, which captured the events leading to the citation. Defendant did not testify. Based on Officer Wright's uncontroverted testimony and the video evidence, the Court found Defendant guilty of careless driving, namely using a turn lane to pass another car without signaling and endangering the lives and property of others.

---

[1] A "CDL" or a "commercial driver license" is defined as "a license issued by [the Tennessee Department of Safety] in accordance with the standards contained in 49 CFR Part 383 to an individual that authorizes the individual to operate a class of commercial motor vehicle." Tenn. Code Ann. § 55-50-102(11).

IT IS THEREFORE ORDERED that Defendant, having been found guilty of careless driving, shall pay the assessed $1 fine.

Mr. Abdi first asserts that the circuit court erred in its interpretation of the ordinance. The interpretation of local ordinances presents a question of law which we review de novo with no presumption of correctness. *Northshore Corridor Ass'n v. Knox Cnty.*, 633 S.W.3d 561, 577 (Tenn. Ct. App. 2021) (citing *City of Knoxville v. Ent. Res., LLC*, 166 S.W.3d 650, 655 (Tenn. 2005)). When the language of an ordinance is clear, courts enforce it as written, seeking to interpret it in the manner most consistent with its general purposes. *Venture Holdings, LLC v. Metro. Gov't of Nashville & Davidson Cnty.*, 585 S.W.3d 409, 418 (Tenn. Ct. App. 2019) (citing *421 Corp. v. Metro. Gov't of Nashville & Davidson Cnty.*, 36 S.W.3d 469, 475 (Tenn. Ct. App. 2000)).

Mr. Abdi argues that the ordinance required both (1) careful and prudent driving and (2) that the manner of driving endanger life, limb, or property and that, therefore, the evidence does not support a finding of endangerment. Mr. Abdi puts forward a four-factor test for determining when driving can be classified as careless: (1) speed of the vehicle, (2) abrupt or erratic maneuvers of the vehicle, (3) the reactions of other motorists, and (4) the near or immediate presence of any other persons or property. He cites no authority for this list, and at oral argument in this case, his counsel stated that it was meant only to be helpful to the Court. Respectfully, this interpretation is not grounded in the text of the ordinance, which mandates driving "in a careful and prudent manner, having regard for the . . . traffic and use of these streets . . . and all other attendant circumstances, so as not to endanger the life, limb, or property of any person." M.C.L. § 12.68.170. Put simply, the ordinance requires "careful and prudent" driving "so as not to endanger life, liberty, or property." *Id.* § 12.68.170. The ordinance is prospective and requires "careful and prudent" driving to prevent endangerment. The operative requirement is that the manner of driving be "careful and prudent" and done in a manner that will not pose a risk to the life, limb, or property of any person, including Mr. Abdi's life or property. Mr. Abdi's assertion that the ordinance required "immediate proximity" is similarly unfounded.

The evidence produced at the hearing supports the circuit court's finding that Mr. Abdi violated the ordinance. Because this is a civil matter, the standard of proof was by a preponderance of the evidence. *See City of Chattanooga v. Myers*, 787 S.W.2d 921, 924 (Tenn. 1990) (quoting *Sparta v. Lewis*, 23 S.W. 182, 182 (Tenn. 1892)); *see also City of Knoxville v. Harshaw*, No. E2002-02519-COA-R3-CV, 2003 WL 21099508, at *2 (Tenn. Ct. App. May 14, 2003). All that this standard requires is "that the truth of the facts asserted be more probable than not." *Teter v. Republic Parking Sys. Inc.*, 181 S.W.3d 330, 341 (Tenn. 2005). The preponderance of the evidence established that Mr. Abdi used the center lane to improperly pass another vehicle and then crossed two lanes of traffic without using a turn signal. The circuit court also found that the car Mr. Abdi passed entered the turning lane after Mr. Abdi used the turning lane to improperly pass that vehicle and that this created a risk to the life or property of another by creating a risk of a collision in an area

with heavy traffic, pedestrian activity, and a bus stop. The evidence supports a finding by a preponderance of the evidence that Mr. Abdi violated the ordinance.[2] Further, even if the ordinance required endangerment, the manner in which Mr. Abdi operated his vehicle was sufficient to endanger himself or his property. Therefore, we affirm the circuit court.

CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellant, Awil Abdi, for which execution may issue if necessary.

/s/ Andy D. Bennett
ANDY D. BENNETT, JUDGE

---

[2] Mr. Abdi also asserts that, based on the circuit court mentioning that the events at issue occurred in front of MNPD's headquarters, "it appears that the offense of careless driving was issued primarily because" of where it occurred. This bare assertion, without reference to any legal authority and without further explanation, is insufficient to constitute an argument on appeal. *See Sneed v. Bd. of Prof'l Resp.*, 301 S.W.3d 603, 615 (Tenn. 2010).

Mr. Abdi's second issue is also unavailing. He asserts that "it appears that the trial court relied wholly on the video evidence in making its findings" and that this was an abuse of discretion because the court's findings do not align with Detective Wright's testimony. This assertion is at odds with the final order, in which the circuit court stated that it made its findings based on both Detective Wright's testimony and the video evidence. Furthermore, as the finder of fact, the circuit court was able to determine how much weight to place on the evidence presented and was not required to base its findings solely on Detective Wright's testimony. *See Hoover v. Motor Exp. Co. v. R.R. & Pub. Utils Comm'n*, 261 S.W.2d 233, 239 (Tenn. 1953) ("The weight to be given particular evidence is a matter peculiarly within the province of the trier of the facts, unhampered by mechanical rules governing the weight or effect of evidence.").